## DARGAN v. WEST.

1. Where the record fails to show that any objection was raised or considered on Circuit as to the sufficiency of a notice of appeal to that court from the judgment of a trial justice, the insufficiency of such notice cannot properly be raised on appeal to this court.
2. An appeal from a trial justice's court was taken on the ground "of the manifest injustice done this defendant, and those set out in writing, made on the motion for a new trial before the trial justice, and the affidavit there used in behalf of said motion and all the evidence and records in the case." *Held,* that this was a sufficient statement of the grounds of appeal; for the other grounds therein referred to, though not incorporated therein, must be assumed to have been before the Circuit Judge in the report of the trial justice.

Before KERSHAW, J., Greenville, July, 1886.

The case is fully stated in the opinion of the court.

*Mr. Adam C. Welborn,* for appellant.

*Mr. W. D. Mayfield,* contra.

July 9, 1887.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   This case was originally commenced in a trial justice's court, where judgment was rendered in favor of the plaintiff against the defendant, Williams, alone, who appealed therefrom to the Court of Common Pleas, "on the ground of the manifest injustice done this defendant, and those set out in writing, made on the motion for a new trial before the trial justice and the affidavits there used in behalf of said motion, and all the evidence and records in the case." That appeal was heard by Judge Kershaw, and he granted an order sustaining the appeal and remanding the case to the trial justice for a new trial. The present appeal is from the order of Judge Kershaw, and is based upon the following ground: "Because the court erred in refusing to dismiss the appeal from, and affirm the judgment of, the trial justice on the ground that the notice of appeal failed to state the grounds upon which the appeal was founded."

It seems to us that the insuperable obstacle in the way of the

present appellant is the fact that it nowhere appears in the record that any objection was made to the sufficiency of the statement of the grounds of appeal from the judgment of the trial justice, or to the absence of any statement of such grounds, when the appeal was heard in the Court of Common Pleas. It does not appear that Judge Kershaw either made, or was called on to make, any ruling as to the sufficiency of such grounds of appeal. On the contrary, we would infer from the very meagre statements in the record that the appeal was heard upon the merits, and that no motion to dismiss the appeal upon the ground of the absence or insufficiency of the statement of the grounds of appeal was submitted. At all events, in the absence of any showing that some ruling was made or refused upon request by the Circuit Court upon the point now raised, it is quite clear that there is nothing before us properly for review. In cases of this kind our jurisdiction is limited to a correction of errors of law committed by the Circuit Court, and until it appears that some ruling on the point presented has been made by the Circuit Court, or refused upon request, we, of course, are unable to determine whether any error was committed. This principle has been so repeatedly announced that it is not necessary to say more. *Railroad Commissioners* v. *Railroad Company*, 22 *S. C.*, 220; *Dulany & Co.* v. *Elford & Dargan*, *Ibid.*, 304; *State* v. *Haines*, 23 *Id.*, 170; and *Hyrne* v. *Erwin*, *Ibid.*, 226.

But as we are always averse to deciding a case upon what would even seem to be a technical point, we will, *ex gratia*, consider the question presented by the appeal. Assuming, then, that a motion to dismiss the appeal from the trial justice, upon the absence or insufficiency of the statement of the grounds of appeal, had been made and refused, or that the question was otherwise properly made and decided against the view of the present appellant, we do not see that there was any error in such decision. It is true that under section 359 of the Code, the appellant in the judgment rendered by the trial justice is required, within a prescribed time, to serve his notice of appeal, "stating the grounds upon which the appeal is founded," but we do not find that the manner in which such statement shall be made is anywhere prescribed either by statute or rule of court in that tribunal. And when we

remember that one of the prime objects of the code was to dispense with mere form whenever practicable, especially in the inferior courts, as to which it is specially directed (*Code*, section 368) that: "Upon hearing the appeal the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits," we would not lend a ready ear to an objection based upon a mere matter of form.

In this case such is really the character of the objection to the grounds of appeal from the judgment of the trial justice. For it will be observed that the ground stated is not merely "the manifest injustice" done the defendant, but also "those set out in writing made on the motion for a new trial before the trial justice." This was the same thing as if the grounds of the motion for a new trial had been incorporated in the grounds of appeal. What the grounds of the motion for a new trial were, the "Case" as prepared for argument here does not show, and we certainly cannot assume, in the absence of any showing to that effect, which it is incumbent on the appellant to make, that the statement therein was insufficient. But we must assume that the grounds of the motion for a new trial, which were referred to in the grounds of appeal to the Circuit Court, and adopted as a part thereof, were before Judge Kershaw, because by sections 358 and 362 it is made the duty of the trial justice to make a return to the Circuit Court of "the testimony, proceedings, and judgment," which, of course, would include the grounds of the motion for a new trial, and section 367 provides that the appeal shall be heard upon these papers, and in the absence of any evidence to the contrary, we must presume that the trial justice performed this duty. The fact that the grounds of the motion for a new trial were not actually incorporated into the grounds of appeal, but simply referred to and adopted as a part of the grounds of appeal, can make no difference—certainly not in appeals from the judgment of a trial justice. For even in appeals to this court such a practice prevailed and was recognized, until it was forbidden by a recent rule of this court. But there is no such rule applicable to appeals from a trial justice.

The judgment of this court is, that the order appealed from be affirmed.