## 9461

### STATE v. LIVINGSTON.

#### (89 S. E. 550.)

1. CRIMINAL LAW— SEDUCTION— EVIDENCE— DECLARATIONS:— Where in seduction trial accused testified that he not only did not promise to marry prosecutrix, but that he never had carnal knowledge of her at all and all the testimony negatived any suggestion of force, it was proper to exclude testimony bearing on whether prosecutrix had declared accused ruined her by force, especially where a witness did answer "I heard, her tell Joe he sure forced her into it."

2. CRIMINAL LAW—INSTRUCTIONS—WEIGHT OF EVIDENCE.—In seduction trial, an instruction "The question of whether or not there is any corroborative testimony is a question that is addressed to the Court. If there is no corrobbrative testimony then the case would never get to you; it would be my duty to withhold it from you. If the case gets to you it is for .you to say whether from all of the testimony the State has established its case. If there had been no corroborative testimony the case would never have gotten to you"—was not erroneous as instructing as to the weight of corroborating evidence.

3. CRIMINAL LAW— APPEAL AND ERROR— TAKING EXCEPTIONS— NECESSITY.—An exception not made and served on respondent, appellant's counsel not moving at the trial in Supreme Court for leave to file additional exceptions, is not available for appellant.

Before GARY, J., Conway, September, 1915. Affirmed.

Thomas W. Livingston was convicted under section 389 of the Criminal Code, and appeals.

Section 389 is as follows:

"Any male person above the age of 16 years, who shall, by any means of deception and promise of marriage, seduce any unmarried woman in this State, shall, upon conviction, be deemed guilty of a misdemeanor, and shall be fined or imprisoned, at the discretion of the Court; but no conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if on trial it is proved that such woman was, at the time of the alleged offense, lewd and unchaste: *Provided,* That if the defendant in any action brought hereunder shall contract marriage with such woman, either before or after the conviction, further proceedings hereunder shall be stayed."

The charge complained of was as follows:

"The question of whether or not there is any corroborative testimony is a question that is addressed to the Court. If there is no corroborative testimony then the case would never get to you; it would be my duty to withhold it from you. If the case gets to you it is for you to say whether from all of the testimony the State has established its case. If there had been no corroborative testimony the case would never have gotten to you."

*Mr. H. H. Woodward,* for appellant, cites: *As to admissibility of declaration:* 12 Cyc. 429. *As to corroboration:* 25 A. & E. Enc. of L. 247. *Effect of marriage:* 76 N. C. 231; 64 N. J. L. 414; 65 *Ib.* 687; 61 *Ib.* 500. *Good faith of defendant:* 25 A. & E. Enc. of L. 249.

*Mr. Solicitor Gasque* cites: *As to declarations of witness properly excluded:* 52 S. C. 490. *Corroboration:* 103 S. C. 210. *Charge:* 82 S. C. 280; 65 S. C. 510.

July 16, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The defendant was convicted under section 389 of the Criminal Code of the State. The section will be reported. The man was 35 years old and the girl was 17 years old.

There are three exceptions, but only two of them were argued, and they make in truth only two issues.

1. A witness for the defendant was asked what the prosecutrix had told the witness about this difficulty with the defendant after it was over. The difficulty referred to was the alleged seduction of the prosecutrix by the defendant. The witness answered, "I heard her tell Joe that he sure forced her into that." The next question was, "Did she state how he (the defendant) did it?" The witness was not allowed to answer.

The appellant's counsel concedes that generally the declarations of a prosecutrix are not competent; but he suggests that a declaration may be admitted to contradict the prosecutrix's testimony in the case. The object of the question, we infer from the record, was to prove that the woman had declared that the defendant did not seduce her, but forced her. It is true that the declaration of a prosecutrix might under some circumstances throw light on her testimony. But the defendant testified that he not only did not promise to marry the girl, but that he had never had carnal knowledge of her at all. And all the testimony negatives any suggestion of force. Any inquiry as to whether the woman had declared that the act of the man was by force was, under the circumstances of this case, an irrelevant and factitious inquiry, and we think there was no error to exclude it. But the defendant nevertheless had the benefit of such declarations in the answer before quoted, "I heard her tell Joe he sure forced her into it."

2. The appellant's counsel also concedes that "whether the evidence offered in corroboration of the testimony of the prosecutrix is competent as corroborative is a question for the Court." All the Court said was that the woman's story was corroborated by other testimony; the Court left it to the jury to judge of the weight of the testimony, and the weight of it was decisive.

There is not a word in the record to sustain the exception "that the testimony showed that the prosecutrix, upon whom the seduction was charged, was at the time of the alleged offense lewd and unchaste."

The appellant argued another exception which had reference to the application and meaning of the proviso of statute. But no such exception had aforetime been made and served on the respondent; and the appellant's counsel made no motion at the trial here for leave to file additional exceptions. Under the well established practice of the Court the exception is not, therefore, now available for the appellant.

It is due to the appellant's counsel to say he was not present at the argument of the State's counsel, and he made no argument at the bar; but he was present in Court on the day the cause was tried here, though after the trial.

The exceptions are overruled, and the judgment below is affirmed.