17078

THE STATE, Respondent, v. JESSE J. NICHOLSON, Appellant
(89 S. E. (2d) 876)

*John B. Baltzegar, Jr., Esq.,* of Norway, *for Appellant,*

*T. P. Taylor, Esq., Solicitor,* of Columbia, *for Respondent.*

October 31, 1955.

J. Woodrow Lewis, Acting Associate Justice.

The appellant was convicted in the Court of General Sessions for Richland County of the crimes of sodomy and violation of Act May 26, No. 273, of the 1953 Acts of the General Assembly, 48 St. at Large, p. 346. Act No. 273 provides: "It shall be unlawful for any adult to wilfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child."

The above offenses were charged in separate counts of the indictment, both of which were submitted to the jury, resulting in a verdict of guilty on both counts. The jury found a separate verdict on each count in the following form: "Guilty of lewd and lascivious act as charged" and "Guilty of Sodomy as charged." Upon the rendition of the verdict,

on motion of the solicitor, the verdict of guilty as to sodomy was set aside and a sentence of ten years imposed on the count charging a violation of Act No. 273, *supra*. Before sentence, motions for judgment *non obstante veredicto* and for a new trial were made by the appellant and refused. This appeal followed.

The state's testimony shows the commission by the appellant, a married man, of an unnatural sex act with the prosecuting witness, a girl of seven years, *per os*.

The appellant says that his exceptions present the following questions:

(1) Did the presiding judge err in failing to charge the law of alibi?

(2) Did the trial judge err in setting aside the verdict of guilty of sodomy and sentencing the appellant for violation of Act No. 273, *supra,* the latter offense carrying the greater punishment?

(3) Did the trial judge err in overruling the appellant's motions for judgment *non obstante veredicto* and did the evidence sustain the verdict as rendered?

(4) Did the trial judge err in refusing a new trial on the ground that it was prejudicial to the rights of the appellant to allow the solicitor to make remarks in the presence of the jury as to maximum sentences given in other cases?

The first question is based upon a misconception of the testimony. If we assume that the appellant has not waived any right to question the failure of the trial judge to charge the law of alibi by failing to call the matter to the attention of the court when given an opportunity to do so at the conclusion of the charge, we are confronted with an absence of testimony to show an alibi. The testimony produced by the appellant placed him at or near the scene of the crime. The scene of the crime was a small building near the rear of the appellant's residence. The testimony places him at home at the time but seeks to explain and account for his activities about the home during the time under

inquiry. Under the facts the appellant was not entitled to a charge on the law of alibi.

The second question is sought to be raised under exceptions charging error on the part of the trial court in allegedly failing to instruct the jury as to the verdicts that might be rendered, and is setting aside the verdict of guilty on the charge of sodomy and sentencing the appellant on the charge of violating Act No. 273, *supra*, the latter carrying the greater punishment.

In the absence of the jury, counsel for the appellant was given an opportunity to call any matters to the court's attention relative to the charge. No request was made of the court thereabout. No motion was made for a directed verdict on any count in the indictment, nor was any question raised with regard to the verdict in the motions made after the rendition thereof.

Assuming, without deciding, that the verdict of guilty on both counts in the indictment constituted an inconsistent verdict, the question was not raised in the Circuit Court and is, therefore, not properly before this court for consideration. *State v. Hall,* 112 S. C. 421, 100 S. E. 143. However, the verdict in this case was not a general verdict of guilty. The jury returned a verdict of guilty on each count separately. The court was not, therefore, left without a guide by which to determine on which count the jury found a verdict of guilty. In such a case, the court could properly set aside a conviction on a count unsupported by the evidence and sentence on the remaining count. See *State v. Lyles,* 211 S. C. 334, 45 S. E. (2d) 181.

The third question relates to the refusal of the trial court to grant appellant's motion for judgment *non obstante veredicto* on the ground that the evidence was insufficient to sustain the conviction. No exception to this court preserves any objection to testimony during the trial; and no motion was made for a directed verdict, which is sufficient to overrule this question. Rule 76 of the Circuit

Court. While we have on occasions waived strict adherence to the above rule, a careful review of the record fails to warrant our doing so in this case.

The last question alleges error in the refusal to grant a new trial because of alleged prejudicial statements of the solicitor. The alleged prejudicial statements were made when the jury returned for further instructions as to the punishment that could be imposed under each count in the indictment. In the course of the discussion about the punishment for a violation of Act No. 273, *supra,* the solicitor said, "Your honor, I know in some cases, for instance, assault and battery with intent to kill, no penalty is provided for that, and the punishment has always been up to ten years, in fact, I have seen them sentenced to ten years for assault and battery with intent to kill." Following this, the court instructed the jury that in the event an accused should be convicted of an act of lewdness or lasciviousness, Act No. 273, *supra,* the punishment would be, within the discretion of the court, by a fine or by imprisonment in the penitentiary for a term not exceeding ten years. The statements of the solicitor as to the maximum sentence were in keeping with the instructions of the court. It is so clear that the statements of the solicitor were not prejudicial that further discussion is unnecessary.

Argued with the appeal in this case was a motion by the appellant for leave to move before the Circuit Court for a new trial on after discovered evidence. The so-called after discovered evidence concerns an illness of the appellant, which it is contended would have made it impossible for him to commit the act charged. The appellant and his trial attorney were thoroughly familiar with his alleged illness as appears from appellant's verified petition for bail before a Justice of this court some time before his trial, in which the appellant urged the same matters as ground for his admission to bail. The proffered evidence is in no sense after discovered. The motion is accordingly denied.

All exceptions are overruled and judgment affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.