17209

THE STATE, Respondent, v. WENDELL LEE ALEXANDER, Appellant

(95 S. E. (2d) 160)

*Messrs. F. Ehrlich Thomson and J. A. Hutto,* of Columbia, *for Appellant,*

*T. P. Taylor, Esq., Solicitor,* of Columbia, *for Respondent.*

October 22, 1956.

Moss, Justice.

The appellant, Wendell Lee Alexander, along with three other defendants, at the May, 1956, term of the Court of General Sessions for Richland County, pleaded guilty to housebreaking and grand larceny. The appellant was, by the presiding Judge, sentenced to imprisonment for a term of six years. From this sentence he appeals, charging, in two exceptions, that the presiding Judge erred in sentencing the appellant to a term of six years, in that said sentence is excessive, cruel and unusual, and in violation of Article I, § 19, Constitution of South Carolina, and the Eighth Amendment to the Constitution of the United States of America.

Prior to the imposition of sentence, the presiding Judge, in open court, made inquiry as to the previous record of the appellant, from which it appears that he was at the time of sentence seventeen years of age, and that on May 3, 1947, and again on January 16, 1952, was ordered by the Juvenile-

Domestic Relations Court for Richland County to attend school. On May 1, 1952, with five cases of housebreaking and larceny against him, he was committed by said Juvenile Court to the South Carolina Industrial School for Boys, and subsequently released therefrom. On February 10, 1953, he was again charged with the crime of housebreaking and larceny and again committed to the South Carolina Industrial School for Boys, from which he was subsequently released. The crime of which he now confesses his guilt, by his plea of guilty, was committed on May 3, 1956.

In the case of *The State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591, 593, we announced the following rule:

"This court has no jurisdiction to disturb, because of alleged excessiveness, a sentence which is within the limits prescribed by statute, unless: (a) the statute itself violates the constitutional injunction, Article I, § 19, against cruel and unusual punishment, or (b) the sentence is the result of partiality, prejudice, oppression or corrupt motive. *State v. Scates,* 212 S. C. 150, 46 S. E. (2d) 693; *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273; *State v. Huffstetler,* 213 S. C. 319, 49 S. E. (2d) 585; *State v. Phillips,* 215 S. C. 314, 54 S. E. (2d) 901; *State v. Goodall,* 221 S. C. 175, 69 S. E. (2d) 915; *State v. Hall,* 224 S. C. 546, 80 S. E. (2d) 239."

The appellant does not question the constitutionality of the statute under which he was sentenced, nor does he charge partiality, prejudice, oppression or corrupt motive. Hence, if the sentence imposed was within the limits prescribed by the statute under which the appellant was indicted, his appeal must fail.

The indictment in this case charged the appellant with the crimes of housebreaking and grand larceny. Housebreaking with intent to commit a felony, or other crime of a lesser grade, is defined as a felony and punishable by imprisonment for a term not exceeding five years. Section 16-332 of the 1952 Code of Laws of South

Carolina. The crime of grand larceny is a felony. *State v. Huffstetler,* 213 S. C. 319, 49 S. E. (2d) 585. The punishment for grand larceny is not particularly prescribed by statute, so it falls within the terms of Section 17-552, of the 1952 Code of Laws of South Carolina, which provides:

"When no special punishment is provided for a felony, it shall, at the discretion of the court, be by one or more of the following modes, to wit: Confinement in the penitentiary or in a workhouse or penal farm, when such institutions shall exist, for a period not less than three months nor more than ten years, with such imposition of hard labor and solitary confinement as may be directed."

The sentence of six years was well within the statutory limits. Since the imposed sentence was within the limits prescribed by law, and in the discretion of the trial Judge, and was not the result of partiality, prejudice, oppression or corrupt motive, this Court is powerless to interfere. The exceptions are, therefore, overruled.

The appellant without assigning any error or filing an exception thereto complains that the trial Judge, in passing sentence upon him, considered his record in the Juvenile-Domestic Relations Court in violation of Section 15-1202 of the 1952 Code of Laws of South Carolina. This section provides that:

"Neither the fact that a child has been before the children's court for hearing nor any confession, admission or statement made by him to the court or to any officer thereof while he is under the age of sixteen years if the court be a Domestic Relations Court or eighteen years if the court be a Juvenile Domestic Relations Court shall ever be admissible as evidence against him or his interest in any other court."

The record does not show that the appellant called to the attention of the presiding Judge the provisions of the aforesaid section of the Code, nor does the record reveal any objection made to the consideration by the presiding Judge of the information contained in the appellant's file in the

Juvenile-Domestic Relations Court of Richland County. The appellant has filed no exception in this court to the consideration of the record by the court below.

In the case of *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100, 106, this court stated:

"As hereinabove remarked, many of the statements which appellant now insists constituted reversible error, were not objected to at the trial. The law is well established that if objections are not interposed to the introduction of testimony, or if the errors are not urged as grounds for a new trial, the question cannot be raised for the first time on appeal. *State v. Warren,* 207 S. C. 126, 35 S. E. (2d) 38; *State v. Wardlaw,* 153 S. C. 175, 150 S. E. 614."

In the case of *State v. Burnett,* 226 S. C. 421, 85 S. E. (2d) 744, 746, the following rule was announced:

" 'The general rule, subject to certain limitations and exceptions hereinafter noted, is that an appellate court will consider only such questions as were raised and reserved in the lower court. This rule is based upon consideration of practical necessity in the orderly administration of the law and of fairness to the court and the opposite party, and upon the principles underlying the doctrines of waiver and estoppel. Obviously, the ends of justice are served by the avoidance of the delay and expense incident to appeals, reversals, and new trials upon grounds of objection which might have been obviated or corrected in the trial court if the question had been raised. There would be no assurance of any end to the litigation if new objections could be raised on appeals. Where a party has the option to object or not, as he sees fit, the failure to exercise the option when the opportunity therefor presents itself must, in fairness to the court and to the adverse party, be held either to constitute a waiver of the right to object, or to raise an estoppel against the subsequent exercise thereof.' 3 Am. Jur., 25, Appeal and Error, sec. 246.

" 'It cannot be asserted for the first time on appeal that the court erroneously restricted the purpose for which evi-

dence was admitted. Also, conversely, the failure of the court to limit the consideration of evidence to a particular purpose or issue cannot be complained of on appeal in the absence of any request in the trial court that it be so limited.' *Ibid.*, p. 96, sec. 351."

In the case of *State v. Livingston,* 105 S. C. 251, 89 S. E. 550, 551, the court said:

"The appellant argued another exception which had reference to the application and meaning of the proviso of statute. But no such exception had aforetime been made and served on the respondent; and the appellant's counsel made no motion at the trial here for leave to file additional exceptions. Under the well-established practice of the court the exception is not therefore now available for the appellant."

This Court has, in numerous cases, held that it will not consider a question on appeal which was not presented in the court below. *State v. Haines,* 23 S. C. 170; *Dargan v. West,* 27 S. C. 156, 3 S. E. 68; *State v. Hall,* 112 S. C. 421, 100 S. E. 143; *State v. Stokes,* 133 S. C. 67, 130 S. E. 337; *State v. Pearson,* 223 S. C. 377, 76 S. E. (2d) 151.

Based upon the rule announced in the foregoing cases, we conclude that this court is without authority to consider a question on appeal which was not raised or presented in the court below. Likewise, we cannot consider a question which is not properly raised by an appropriate exception. *State v. Nicholson,* 228 S. C. 300, 89 S. E. (2d) 876.

Judgment affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.