## 21314

The STATE, Respondent, v. James Floyd ROBBINS, Appellant.

(271 S. E. (2d) 319)

*Michael N. Duncan* of *Dunbar & Duncan,* Spartanburg, for appellant.

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes,* and *State's Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

October 15, 1980.

LITTLEJOHN, Justice:

Appellant James Floyd Robbins appeals his conviction of armed robbery. We vacate the conviction and remand for a new trial.

The conviction grew out of an indictment wherein Robbins was charged with robbing a store. The primary question raised in this appeal is whether the trial judge erred in refusing Robbins' request to charge the law of alibi. In denying the request, the judge rationalized that Robbins tes-

tified he had been at the store that night. This is true, but his testimony was to the effect that he had been at the store prior to taking his wife to work a 10 o'clock. It was Robbins' further testimony that after taking his wife to work at 10 o'clock, he went straight home and, accordingly, was not at the store when the robbery is alleged to have taken place, about 10:45 p. m.

A charge on the defense of alibi is not required when an accused person merely denies committing the criminal act. Alibi means elsewhere, and the charge should be given when the accused submits that he could not have performed the criminal act because he was in another place at the time of its commission. The subject is treated in 21 Am. Jur. (2d) *Criminal Law* § 136:

"§ 136. Alibi—what constitutes; purpose and effect.

The literal significance of the word 'alibi" is 'elsewhere'; as used in criminal law, it indicates that line of proof by which an accused undertakes to show that because he was not at the scene of the crime at the time of its commission, having been at another place at the time, he could not have committed the crime. In other words, by an alibi the accused attempts to prove that he was at a place so distant that his participation in the crime was impossible. To be successful, his alibi must cover the entire time when his presence was required for accomplishment of the crime. To establish an alibi, the accused must show that he was at another specified place at the time the crime was committed, thus making it impossible for him to have been at the scene of the crime. It is not enough for the accused to say that he was not at the scene and must therefore have been elsewhere. The latter statement does not constitute an alibi. And since an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all."

The evidence, viewed as a whole, creates the inference that Robbins was submitting to the court that he was elsewhere at the time of the robbery. Accordingly, his first exception must be sustained and a new trial ordered. The granting of a new trial makes treatment of the other issues unnecessary.

Reversed and remanded.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

Disagreeing with the majority, I would affirm appellant's conviction for armed robbery.

A Mr. Zip store in Spartanburg County was robbed on December 17, 1978. The primary question is whether the trial judge erred in refusing to charge alibi.

The State presented direct evidence of appellant's guilt and his personal identity as perpetrator of the crime. He did not contest the question of his identity and, in fact actually bolstered the reliability of the victim's identification testimony. The appellant did not present testimony as to facts or circumstances which would have made it practically impossible for him to have been present at the time the crime was committed. His testimony was no more than a mere denial of the charges that he had robbed the convenience store. By his own admission he was at or near the scene of the crime at the time of the robbery and merely seeks to explain and account for his activities.

The presence of the appellant at the scene of the crime at the time it was committed is obviously an essential element of the State's case, and the burden rests upon the State to prove his presence. There is no burden upon the defendant to prove he was at another place. *State v. Floyd,* 174 S. C. 288, 177 S. E. 375 (1934); *State v. Mayfield,* 235 S. C. 11, 109 S. E. (2d) 716 (1959).

The manner of proving an alibi is stated:

The evidence of alibi must be addressed to the exact time when the offense was committed, and it must show, not merely the improbability of accused's presence at that time, but the impossibility thereof. If the evidence as to alibi, although taken to be true, does not cover sufficient of the time at or before the crime to render the presence of accused impossible or highly improbable, then it proves nothing, and is of no avail to him on that part of his defense, although it still remains in the case for all other purposes." 23 C. J. S. Criminal Law § 923, pp. 656-657. Accord, *State v. Nicholson,* 228 S. C. 300, 89 S. E. (2d) 876 (1955).

I believe the evidence presented by appellant failed to show the impossibility or improbability that he was present at the scene of the crime when it was committed. Where the appellant's testimony places him at or near the scene but seeks to explain and account for his activities during the time in issue, the defense of alibi has not been established and a charge on that issue was not required. *State v. Nicholson, supra,* 72 A. L. R. (3d) 547, 118 A. L. R. 1303.

The majority cites 21 Am. Jur. (2d), Criminal Law, § 136. The last sentence of that quotation is applicable here,

"And since an alibi derives it potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, *a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all."* (Emphasis added.)

The testimony submitted in the motion for a new trial on after discovered evidence substantiates the possibility of the accused's presence as well as his admissions.

Appellant next asserts the trial court erred by not granting a new trial on the grounds of after discovered evidence. This is without merit.

At a post trial hearing, testimony and affidavits concerning appellant's alibi were considered. The affidavits state appellant was at his brother-in-law's home between 10:00 p. m. and 12:00 p. m. on the night of the robbery. The trial judge reviewed the evidence presented and denied appellant's motion on the following grounds: (1) the affidavits and testimony *contradict* appellant's trial testimony that he was at home when the robbery occurred; (2) the four affiants were all relatives of the defendant and were aware, or should have been aware of the charges against the defendant. In fact, two of the affiants testified they were present throughout most of the trial. Therefore there was insufficient showing that the evidence could not have been discovered before the trial by the exercise of due diligence.

A motion for a new trial based upon after discovered evidence is not favored in this State. *State v. Lewis,* 270 S. C. 539, 243 S. E. (2d) 195 (1978). While this motion is addressed to the sound discretion of the trial judge, it is well settled that it may be granted only if the movant shows that the evidence upon which it is based: (1) if such would probably change the result if a new trial was had; (2) has been discovered since the trial; (3) could not by the exercise of due diligence have been discovered before the trial; (4) if material to the issue of guilty or innocence; and, (5) is not merely cumulative or impeaching. *State v. Caskey,* 273 S. C. 325, 256 S. E. (2d) 737 (1979).

The affidavit of appellant's sister-in-law is *directly opposed* to his testimony at trial. Furthermore, I believe this information could have been discovered by due diligence prior to the trial, and would not have changed the results of the trial. Appellant's motion for a new trial was properly denied.

Affirmed.