483 S.E.2d 780

**The STATE, Respondent,**

v.

**Robert A. ANDERS and Larry D. Simmons, Appellants.**

**No. 2639.**

Court of Appeals of South Carolina.

Heard Nov. 7, 1996.

Decided March 3, 1997.

Rehearing Denied April 24, 1997.

394

O.W. Bannister, Jr., of Hill, Wyatt, Bannister & Brown, Greenville, for appellants.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., Columbia; and Solicitor Joseph J. Watson, Greenville, for respondent.

HOWARD, Judge:

Robert Anders (Anders) and Larry Simmons (Simmons) were indicted for common law conspiracy, third degree arson, and burning to defraud an insurer. The appellants were tried together and both found guilty on all indictments. Anders asserts the trial court erred in admitting testimony of a co-conspirator's statement against him because the State failed to

establish a *prima facie* case of conspiracy or that the statement was made in furtherance of the conspiracy. Simmons argues the trial court erred in failing to instruct the jury on the law of alibi. We affirm.

## BACKGROUND FACTS

On Saturday, October 17, 1992, a building housing the storage area and offices of R.R. & E., Inc., a construction company (company), exploded and burned. Ten opened cylinders of propane gas were placed throughout the building, gasoline was poured in various locations, and the fuel tanks from two vehicles parked in the building were left open. Anders owned the company and Simmons was employed by him.

## DISCUSSION

### ANDERS'S APPEAL

#### Co-conspirator's Statement

Over Anders's objection, a prosecution witness testified that on the Monday after the fire she heard Simmons make the following statements: *"Robert owes me big"* and *"we . . . put propane tanks in each room, put them on slow leak, put a lit cigarette in an ashtray on top of a book of matches and then on the way out turned the last tank up."*

According to the witness, these statements were made in a joking manner to a group of people who normally hang out at a local fish camp located near the company. Those present, including Simmons and his son, were sitting around a picnic table discussing the fire. Anders objected to the statement on the grounds that there had been no *prima facie* showing of a conspiracy and the alleged statement could not reasonably be considered in furtherance of it.

■ Under our law, the acts and declarations of any conspirator made during the conspiracy and in furtherance thereof are deemed to be the declarations and acts of every other conspirator and are admissible against all, once *prima facie* evidence of conspiracy is proved. *State v. Sullivan,* 277 S.C.

35, 282 S.E.2d 838 (1981); *State v. Adams,* 319 S.C. 509, 462 S.E.2d 308 (Ct.App.1995).[1]

A conspiracy is statutorily defined as a "combination between two or more persons for the purpose of accomplishing an unlawful object or a lawful object by unlawful means." S.C.Code Ann. § 16–17–410 (Supp.1995). A conspiracy may be proved by direct and/or circumstantial evidence or by circumstantial evidence alone, which is often the case. *State v. Horne,* 324 S.C. 372, 478 S.E.2d 289 (Ct.App.1996). Substantive crimes committed in furtherance of the conspiracy constitute circumstantial evidence of the existence of the conspiracy, its scope, and object. *Id.* Under South Carolina law, no overt acts need be demonstrated to establish a conspiracy. *Id.* The crime of conspiracy consists of the mutual understanding or agreement. *Id.*

The admission of evidence is within the discretion of the trial court and absent an abuse of this discretion will not be reversed on appeal. *State v. Tucker,* 319 S.C. 425, 462 S.E.2d 263 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 789, 133 L.Ed.2d 739 (1996). The trial judge has considerable discretion in determining whether an adequate independent basis exists to establish a conspiracy. *United States v. James,* 510 F.2d 546 (5th Cir.), *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975). "Such evidence need only be credible and sufficient to support a finding of joint undertaking; the conspiracy's existence need not be proved beyond a reasonable doubt." *Id.,* 510 F.2d at 549.

To determine whether a sufficient showing was made of a conspiracy, we review the evidence in a light most favorable to the State. An expert for the State testified the explosion and fire were deliberately set, using propane and gasoline. The investigation discovered no evidence of forced entry into the building. The alarm system had not been set off prior to the fire. The company was experiencing financial difficulty and had recently been turned down by the bank for a loan. Anders almost doubled the insurance coverage on the

---

1. This trial, held from May 8–11, 1995, predated the effective date of Rule 801(d)(2)(E), SCRE.

company's two buildings and equipment, beginning seventeen days prior to the fire.

Prior to the fire, furniture and office supplies were moved to Anders's home. Simmons asked two employees how long it would take them to gather their belongings and leave the building. Simmons told them to get what they could out of the building and also told one employee to leave her purse in her car. The day before the fire, Anders allowed all of the employees to leave at lunch, which was unusual.

Anders asked the bookkeeper numerous times during the week before the fire when the cleaning crew was coming that weekend, though he had never worried about their schedule on prior occasions. Additionally, in the weeks prior to the fire, she was told by Simmons that Anders wanted her to order four or five unneeded propane tanks for the forklift though the company was financially strapped. Anders later asked if she had ordered the tanks and when they were coming.

Anders also acted suspiciously when questioned immediately following the fire. He was on the defensive as soon as investigators began to talk with him, providing an alibi before police even questioned him as to his whereabouts. In addition, Anders's wife posted bond for both her husband and Simmons, using Anders's home as collateral.

"Conspiracies may and generally must be proved by a number of indefinite circumstances which vary according to the objects to be accomplished." *State v. Hightower,* 221 S.C. 91, 104, 69 S.E.2d 363, 369 (1952). We conclude the trial judge did not abuse his discretion by determining the State presented sufficient evidence of conspiracy between Anders and Simmons.

However, even though the State produced sufficient evidence of a conspiracy, we conclude the statement uttered by Simmons was not admissible under the co-conspirator exception to the hearsay rule. To be admissible, the alleged statement must be made during the conspiracy and in furtherance of it. *See State v. Sullivan,* 277 S.C. at 42, 282 S.E.2d at 842. Though we are unable to find any South Carolina cases directly touching this issue, we turn to the considerable federal law on this subject for guidance because the same require-

ments are contained within the Federal Rules of Evidence.[2] *See Dalon v. Golden Lanes, Inc.*, 320 S.C. 534, 466 S.E.2d 368 (Ct.App.1996).

 Establishing the statement is in furtherance of the conspiracy is required to protect the accused from the introduction of statements by others which are no more than idle chatter or are either inadvertently misreported or deliberately fabricated. *See* 29A Am.Jur.2d *Evidence* § 842 (1994); *United States v. Fahey*, 769 F.2d 829 (1st Cir.1985). Statements are in furtherance of the conspiracy when they in some way tend to advance the purpose of the conspiracy or promote the object of it. *Id.* It is generally held a mere narrative statement serving no future or immediate purpose of the conspiracy does not satisfy the requirement, whether communicated to outsiders or to another conspirator. *United States v. Heinemann*, 801 F.2d 86 (2d Cir.1986), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1308, 94 L.Ed.2d 163 (1987); *United States v. Means*, 695 F.2d 811 (5th Cir.1983); *United States v. Tarantino*, 846 F.2d 1384 (D.C.Cir.), *cert. denied*, 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988).

 The legal premise for the introduction of a co-conspirator's statement is that of agency. The requirement that the statement meet the test of being in furtherance of the conspiracy, analyzed from the point of view of the declarant, is designed to assure the reliability of the declaration and to be consistent with this underlying premise of agency—that is; that the co-conspirator would have authorized the statement. *United States v. Urbanik*, 801 F.2d 692 (4th Cir.1986). Statements directed toward non-conspirators that merely inform the listener of the conspirator's activities are inadmissible under the co-conspirator exception to the hearsay rule where no intent exists to induce participation in the conspiracy. *United States v. Gibbs*, 739 F.2d 838 (3d Cir.1984), *cert. denied*, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985).

The statement attributed to Simmons was made to third parties having no connection to the conspiracy. Though it arguably occurred during the conspiracy (*i.e.* prior to obtain-

---

**2.** *See* Rule 801(d)(2)(E), FRE. South Carolina has adopted the Federal Rules of Evidence. *See also* Rule 801(d)(2)(E), SCRE (effective September 3, 1995).

ing the insurance proceeds), there is no credible hypothesis for asserting the statement advanced the object of the conspiracy. The only reasonable explanation for this statement, allegedly made in a conversation to third parties not connected to the conspiracy after the fire, is as either idle conversation or bragging. Under either theory, it is not admissible. *See United States v. Lieberman*, 637 F.2d 95, 103 (2d Cir.1980) ("The requirement is not satisfied by a conversation such as the one here, which amounted to no more than idle chatter."); *see also United States v. Urbanik*, 801 F.2d at 698 (holding a statement which was merely a "casual aside" to the main discussion was not in furtherance of the conspiracy); *see also United States v. Santiago*, 837 F.2d 1545 (11th Cir.1988) (finding boasts may meet the requirement of being in furtherance of the conspiracy where they are used to obtain the confidence or allay the suspicions of a co-conspirator). *But see United States v. Posner*, 764 F.2d 1535 (11th Cir.1985) (holding statement by co-conspirator in form of letter to third party not involved in the conspiracy which "spilled the beans" not admissible because it served only to disclose declarant's scheme rather than to provide a plausible explanation that might allay suspicions and could hardly be considered to have advanced any object of the conspiracy). Therefore, the statement of Simmons was not admissible under the co-conspirator exception.

■■■■■ This conclusion does not, however, mandate reversal of Anders's convictions, because this court may affirm upon any ground appearing in the record. *See State v. Johnson*, 278 S.C. 668, 301 S.E.2d 138 (1983); *see also* Rule 220(c), SCACR. The extrajudicial statement was admissible against Simmons as a statement against penal interest. *See State v. Doctor*, 306 S.C. 527, 413 S.E.2d 36 (1992); *see also State v. Howard*, 295 S.C. 462, 369 S.E.2d 132 (1988), *cert. denied*, 490 U.S. 1113, 109 S.Ct. 3174, 104 L.Ed.2d 1036 (1989). The prohibition against introduction of the statement against Anders is based upon his Sixth Amendment right of confrontation and cross examination. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986); *Cruz v. New York*, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987); *State v. Howard*, 295 S.C. at 467, 369 S.E.2d at 135. The

violation of the right of confrontation occurs when the codefendant is unavailable as a result of the Fifth Amendment prohibition against compelling his testimony.[3] In this case, however, Simmons did testify, and was subject to cross examination by Anders. Thus, no violation of Anders's Sixth Amendment right of confrontation and cross examination resulted. Consequently, no error resulted from the admission of this statement. *See State v. Copeland,* 278 S.C. 572, 300 S.E.2d 63 (1982) (finding testimony of prior inconsistent statements may be used as substantive evidence when the declarant testifies at trial and is subject to cross examination).

## SIMMONS'S APPEAL

### Alibi Charge

■ Simmons asserts the trial court erred in failing to instruct the jury on the law of alibi. We disagree.

Simmons presented evidence he was elsewhere when the fire occurred. He requested an alibi charge, both during the charge conference and after the jury was charged. However, the court refused, finding it inapplicable because the indictment, tracking the language of the arson statute,[4] alleged that Simmons "set fire to, or burn[ed], or *cause[d] to be burned"* the building. (emphasis added). The court concluded his presence at the scene was not required for his guilt.

Simmons requested the following instruction:

If the nature of the crime is such that the presence of the accused at the place and time of its commission is essential to his guilt, the burden is upon the State to prove beyond a reasonable doubt that he was then and there present. Where the evidence, taken as a whole, whether adduced by the prosecution or by the accused, is sufficient to raise in the minds of the jury a reasonable doubt as to his presence at the scene of the crime, he is entitled to acquittal.

**3.** *See State v. Howard,* 295 S.C. at 468, 369 S.E.2d at 135 (recognizing an exception where the non-testifying codefendant's statement is "thoroughly substantiated" by the defendant's own confession) (citing *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986)).

**4.** S.C.Code Ann. § 16–11–110(c) (1985).

*State v. Mayfield,* 235 S.C. 11, 25, 109 S.E.2d 716, 724 (1959), *cert. denied,* 363 U.S. 846, 80 S.Ct. 1616, 4 L.Ed.2d 1728 (1960).

Alibi means elsewhere. *State v. Robbins,* 275 S.C. 373, 271 S.E.2d 319 (1980). Normally, it is based upon proof advanced by the defendant, attempting to show the impossibility of being involved in a crime due to absence from the scene.[5] *Id.* Ordinarily, the trial court has the duty to give requested instructions which correctly state the law applicable to the issues and which are supported by the evidence. *Id.* It is error to refuse a requested charge on an issue raised by the indictment and the evidence presented at trial. *State v. Kimbrell,* 294 S.C. 51, 362 S.E.2d 630 (1987). On the other hand, a charge on the defense of alibi is not necessary when the accused merely denies committing the crime, or when his presence is not required to accomplish it. *State v. Robbins,* 275 S.C. at 375, 271 S.E.2d at 320.

The indictment charged Simmons with setting fire to, burning, and causing the building to be burned. The indictment for burning personal property to defraud an insurer alleged Simmons *procured* the burning of the contents of a business and did not include the allegation of actually setting the fire. Though the jury could have inferred Simmons's direct involvement,[6] and Simmons countered this evidence with his alibi which, if believed, would have made his direct involvement impossible, his presence at the setting of the fire was not essential under the evidence presented to support conviction on any of the charges. Therefore, the trial court did not err by refusing the charge. *See State v. Robbins,* 275 S.C. at 375, 271 S.E.2d at 320 ("[S]ince an alibi derives its potency as a defense from the fact that it involves the physical impossibility

---

5. There are instances when the issue of alibi may enter the case through prosecution witnesses. *See State v. Mayfield,* 235 S.C. at 21, 109 S.E.2d at 722.

6. Simmons allegedly said in his statement, "*we . . .* put propane tanks in each room, put them on slow leak, put a lit cigarette in the ashtray on top of a book of matches and then on the way out turned the last tank up." (Emphasis added). According to expert testimony, this kind of fuse would be a possible source of the ignition and would cause a maximum delay of seven or eight minutes.

of the accused's guilt, a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all.").

For the foregoing reasons, the convictions of both Anders and Simmons are hereby affirmed.

**AFFIRMED.**

HOWELL, C.J., and HUFF, J., concur.