**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Gabriel Jon Rios, Appellant.

Appellate Case No. 2013-000493

Appeal From Spartanburg County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2015-UP-135
Submitted February 1, 2015 – Filed March 11, 2015

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Jenny Draffin Smith, of Florence, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993) ("The law

to be charged to the jury is determined by the evidence presented at trial."); *State v. Robbins*, 275 S.C. 373, 375, 271 S.E.2d 319, 320 (1980) (stating a charge on the defense of alibi "should be given when the accused submits that he could not have performed the criminal act because he was in another place at the time of its commission"); *id.* ("To be successful, [a defendant's] alibi must cover the entire time when his presence was required for accomplishment of the crime. To establish an alibi, the accused must show that he was at another specified place at the time the crime was committed, thus making it impossible for him to have been at the scene of the crime."); *id.* ("[Because] an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all."); *Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) ("An alibi charge places no burden on a criminal defendant but emphasizes that it is the State's burden to prove the defendant was present and participated in the crime."); *State v. Bealin*, 201 S.C. 490, 507, 23 S.E.2d 746, 754 (1943) (stating an alibi is "merely a means of disproving the charge—not an affirmative defense, but a negation of the State's case" (internal quotation marks omitted)); *id.* ("[A]lthough [a] defendant, where the case is otherwise made out against him, is bound to offer some evidence in support of his alibi, the [S]tate in all cases where his presence at the time and place of the crime is necessary to render him responsible, must prove that he was there, as a part of the case; and if from all the evidence there exists a reasonable doubt of his presence, he should be acquitted.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.