**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Nathaniel Teamer, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2013-001303

---

**ON WRIT OF CERTIORARI**

---

Appeal from Spartanburg County
Brooks P. Goldsmith, Post-Conviction Relief Judge

---

Memorandum Opinion No. 2016-MO-013
Submitted October 15, 2015 – Filed April 13, 2016

---

**REVERSED**

---

Attorney General Alan Wilson, Senior Assistant Deputy
Attorney General Alicia A. Olive and Assistant Deputy
Attorney General Suzanne H. White, all of Columbia, for
Petitioner.

C. Rauch Wise, of Greenwood, for Respondent.

---

**PER CURIAM:** This is a post-conviction relief (PCR) matter. Respondent Nathaniel Teamer was convicted of murder and assault and battery with intent to kill (ABWIK) and sentenced to consecutive terms of life without parole and twenty years, respectively. Following the court of appeals' dismissal of Respondent's direct appeal, Respondent filed a PCR application. The PCR court granted Respondent relief on three grounds. We granted the State's petition for a writ of certiorari to review the PCR court's decision. We reverse and reinstate Respondent's convictions and sentences.

## I.

On the night of February 2, 2006, Mike Proctor and Tony Hunter were shot multiple times while riding in Proctor's SUV, which was stopped at a stop sign on Chester Street at Theodosia Drive in Spartanburg County. Hunter died from three gunshot wounds in the back of the head; however, Proctor was able to jump from the driver's seat and escape, despite suffering four gunshot wounds himself. Proctor ran to a nearby house and asked the residents to call 9-1-1. Police were dispatched to the scene at 8:46 p.m.

Proctor testified he and Hunter were looking for drugs on the night of the murder, and to that end, he and Hunter had picked up one of Hunter's friend's (who Proctor had never seen before) in front of a home on South Center Street just before the shooting. This home was later identified as Respondent's girlfriend's house. Proctor testified the man got in the backseat of the SUV and instructed him where to drive, and upon reaching the stop sign at the end of Chester Street, the man opened fire. Proctor did not know the man or his name, but Proctor worked with a sketch artist to develop a drawing of the suspect.

Respondent's DNA was found on a cigarette butt police recovered from the backseat of Proctor's SUV. Thereafter, Respondent was charged with murder and ABWIK, convicted by a jury, and sentenced to consecutive terms of life without parole and twenty years, respectively.

On direct appeal, the court of appeals dismissed Respondent's appeal pursuant to *Anders v. California*.[1] *State v. Teamer*, Op. No. 2010-UP-062 (S.C. Ct. App. filed Jan. 28, 2010) (Withdrawn, Substituted, and Refiled Apr. 21, 2010). Thereafter, Respondent filed a PCR application raising a host of allegations of ineffective

---

[1] 386 U.S. 738 (1967).

assistance of counsel.  Following a hearing, the PCR court granted Respondent relief as to three grounds.  The parties filed cross-petitions for a writ of certiorari; this Court granted the State's petition and denied Respondent's petition.

## II.

The State argues the PCR court erred by finding counsel was ineffective for failing to request a continuance, failing to provide the trial court with a jury instruction on third-party guilt, and failing to object to a jury charge instructing the jury that its duty is to return a verdict that is "just" or "fair."  We agree and address each issue in turn.

## A.

Specifically, the State argues the PCR court erred in finding Respondent's trial counsel was ineffective for failing to move for a continuance to accommodate an alibi witness who allegedly fell ill on the day she was to testify.  We agree.

The State argued that Respondent committed the murder and ABWIK shortly before 8:46 p.m. when police were dispatched to the scene of a shooting.  At trial, Respondent's girlfriend, Osia Feaster, testified that Respondent was at her house when she returned home around 8:15 p.m. and remained with her at the house until 9:00 p.m.  At the PCR hearing, Osia's mother, Daisy Feaster, who lived at the same house, stated that she would have testified at Respondent's trial, but she fell ill the day she was supposed to testify.  Daisy stated she would have testified that Respondent called the house around 8:30 or 9:00 p.m. to say he was waiting outside for Osia to arrive.  Daisy would have further testified that Respondent was at the house when she left to go shopping "about 8:00 something" and when she returned around midnight; however, Daisy could not recall exactly what time she left to go shopping.

We find the PCR court erred in concluding that, as a matter of law, the proffered testimony established an alibi.  "To be successful, [a defendant's] alibi must cover the entire time when his presence was required for accomplishment of the crime." *State v. Robbins*, 275 S.C. 373, 375, 271 S.E.2d 319, 320 (1980) (citation and quotation marks omitted).  "[S]ince an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all." *Id.* (citation omitted).

Proctor testified that he picked up the shooter in front of the Feasters' house, which was less than two miles from the scene of the shooting. Therefore, it was not physically impossible for Respondent to have been at the Feasters' house at the time Daisy left to go shopping "about 8:00 something" and to have committed the shootings just before 8:46 p.m. As Daisy's testimony would not have made Respondent's guilt physically impossible, it was not an alibi at all; trial counsel was therefore not deficient for failing to move for a continuance to allow Respondent to present that testimony.

Furthermore, Respondent was not prejudiced by trial counsel's actions. There can be no prejudice from trial counsel's failure to request a continuance unless the trial court's refusal to grant the continuance would have been an abuse of discretion. *See Morris v. State*, 371 S.C. 278, 282–83, 639 S.E.2d 53, 56 (2006). As already noted, Respondent presented Osia as an alibi witness. "Because [Respondent] was not prevented from presenting an alibi defense, and since any testimony by additional alibi witnesses would have been cumulative, the trial judge [would] not [have] abuse[d] his discretion in denying [Respondent's] motion for a continuance." *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989).

## B.

The State next argues the PCR court erred in finding Respondent's trial counsel ineffective for failing to suggest a jury instruction on third-party guilt. We agree.

At trial, Respondent presented a witness who testified that someone else admitted to shooting Hunter and Proctor. Before the trial court charged the jury, Respondent's counsel asked the court if it had a third-party guilt instruction. The trial court responded that it did not, and Respondent's counsel neither suggested one nor objected to the court's failure to provide one. Relying on an opinion from the Supreme Court of Connecticut, the PCR court concluded that this constituted ineffective assistance of counsel.

As evidenced by the PCR court's reliance on a Connecticut opinion, there is no case law in South Carolina that supports the proposition that a trial court must charge the jury on third-party guilt as a standalone defense. Trial counsel therefore could not have been deficient for failing to request the jury charge, as it has never before been required in South Carolina. *See McKnight v. State*, 378 S.C. 33, 49–50, 661 S.E.2d 354, 362 (2008) (concluding that counsel in a homicide-by-child-

abuse trial was not ineffective for failing to request a particular jury charge, as South Carolina courts have never held that defendants are entitled to that charge).

Moreover, Respondent has not demonstrated that he was prejudiced by trial counsel's failure to request a specific third-party guilt instruction. Respondent has not shown that the trial court would have included such an instruction had trial counsel proposed one. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("The trial court is required to charge only the current and correct law of South Carolina." (citing *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004))). Respondent has also failed to show that the outcome of the trial would have been different had the trial court given such an instruction, as Respondent was able to present his evidence of third-party guilt and the jury charge properly conveyed the State's burden of proving its case beyond a reasonable doubt. *See McKnight*, 378 S.C. at 50–51, 661 S.E.2d at 362–63 (footnote omitted) (holding that there could be no prejudice, and therefore trial counsel could not be ineffective, "[w]hen read as a whole, the [jury] instructions adequately conveyed the State's burden of proof beyond a reasonable doubt and the corresponding absence of any such burden for [the defendant]").

## C.

Finally, the State argues the PCR court erred in finding Respondent's trial counsel ineffective for failing to object to a portion of the trial court's jury instructions because no case law existed at the time of Respondent's trial that would have made the instruction objectionable. Again, we agree.

The trial court's charge to the jury included the following instruction: "Your sole objective is to simply reach the truth in the matter, and by doing that you will have fulfilled your obligations as jurors, and that is to simply give both the [S]tate and [Respondent] a fair and impartial trial." Nearly five years after Respondent's trial, this Court criticized a similar instruction: "This court is of the confirmed opinion that whatever verdict you reach will represent truth and justice for all parties that are involved in this case." *State v. Daniels*, 401 S.C. 251, 254, 737 S.E.2d 473, 474 (2012) (internal quotation marks omitted). This Court ordered

> trial judge[s] to remove any suggestion from [their] general sessions charges that a criminal jury's duty is to return a verdict that is "just" or "fair" to all parties. Such a charge could effectively alter the jury's perception of the burden of proof, substituting justice and fairness for

the presumption of innocence and the State's burden to prove the defendant's guilt beyond a reasonable doubt. Moreover, to a lay person, the "all parties involved" in a criminal case may well extend beyond the defendant and the State, and include the victim. These inaccurate and misleading charges risk depriving a criminal defendant of his right to a fair trial.

*Id.* at 256, 737 S.E.2d at 475.

The PCR court found trial counsel was ineffective for failing to object to the trial court's instruction, even though *Daniels* had not yet been decided, because if trial counsel had made an objection, the issue would have been preserved for appellate review. The PCR court also found Respondent was prejudiced because the jury likely "relieved the State of its burden of proof."

We disagree and hold that the PCR court erred in finding trial counsel ineffective for failing to object to the jury instruction when no case law existed rendering the instruction improper per se. This Court has previously held that reasonable representation does not require trial counsel to foresee successful appellate challenges to novel questions of law. *E.g.*, *Gilmore v. State*, 314 S.C. 453, 457, 445 S.E.2d 454, 456 (1994) ("We have never required an attorney to be clairvoyant or anticipate changes in the law . . . ." (citing *Thornes v. State*, 310 S.C. 306, 309–10, 426 S.E.2d 764, 765 (1993))), *overruled on other grounds by Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); *Thornes*, 310 S.C. at 309–10, 426 S.E.2d at 765 ("This Court has never required an attorney to anticipate or discover changes in the law, or facts which did not exist, at the time of the trial."). As trial counsel's performance was not deficient, the PCR court erred in granting relief on this ground.

### III.

For the foregoing reasons, the PCR court's grant of relief to Respondent is reversed. Respondent's convictions and sentences are hereby reinstated.

**REVERSED.**

**BEATTY, Acting Chief Justice, KITTREDGE, HEARN, JJ. and Acting Justice Jean H. Toal, concur. PLEICONES, C.J., not participating.**