23459

Timothy L. GETER, Petitioner v. STATE of South Carolina, Respondent.
(409 S.E. (2d) 344)

Supreme Court

*Asst. Appellate Defender M. Anne Pearce* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted June 14, 1991.

Decided Aug. 12, 1991.

GREGORY, Chief Judge:

This case is before us on a writ of certiorari to review the denial of postconviction relief (PCR). We affirm.

Petitioner was convicted of one count of first degree criminal sexual conduct, two counts of lewd act on a minor, and one count of assault with intent to commit criminal sexual conduct. These charges all arose from a single incident in which petitioner allegedly assaulted four young girls who were spending the night together in a bedroom in the home of petitioner's girlfriend, Janey Gist. The victims were all between the ages of three and six years.

When asked by defense counsel on cross-examination when the assault had occurred, two of the victims responded that it was "when [petitioner] got out of jail." No curative instruction was sought or given regarding the reference to petitioner's prior incarceration.

Debra Turley, whose daughter was one of the victims, then took the stand. She testified Janey Gist and petitioner broke up their relationship before the incident "when [petitioner] was in jail the first time." The witness repeated the statement during cross-examination by defense counsel. No curative instruction was sought or given.

Before the next witness, Janey Gist, took the stand, counsel requested the trial judge caution her not to mention that petitioner had been in jail. The trial judge so instructed the witness and questioning began. Ms. Gist immediately referred to a strained point in her relationship with petitioner "when he went to jail in [Thelma's] case." Evidence admitted at trial indicated Thelma was another girlfriend of petitioner.

After sending the jury out, the trial judge reprimanded the witness and threatened to find her in contempt of court. He

also indicated he was considering declaring a mistrial. Instead, the jury was recalled and instructed to disregard the witness's last answer because it was not responsive to the question. No specific instruction was given to disregard any reference to petitioner being in jail nor was any further instruction requested by defense counsel. Petitioner testified at trial and denied the allegations.

Petitioner claims he is entitled to PCR because counsel was ineffective in allowing the repeated references to his prior incarceration.

To establish a claim of ineffective assistance of counsel, petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that but for counsel's error, there is a reasonable probability the result of the trial would have been different. *Martinez v. State*, — S.C. —, 403 S.E. (2d) 113 (1991).

It is well-settled that absent specific exceptions,[1] evidence of other bad acts is inadmissible to show criminal propensity or to demonstrate the accused is a bad person. *State v. Coleman*, 301 S.C. 57, 389 S.E. (2d) 659 (1990); *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). Here, evidence that petitioner was previously jailed on unspecified charges was not admissible under any exception. Nor was it admissible as impeachment evidence. *See State v. Reeves*, 301 S.C. 191, 391 S.E. (2d) 241 (1990). This Court has held evidence introduced for the sole purpose of implying a defendant has a prior criminal record is improper. *State v. Tate*, 288 S.C. 104, 341 S.E. (2d) 380 (1986); *see also People v. Bennett*, 413 Ill. 601, 110 N.E. (2d) 175 (1954) (mere proof a party has been arrested is inadmissible). We therefore conclude counsel's failure to object to the repeated reference to petitioner's prior incarceration or to request a curative instruction constitutes deficient representation under an objective standard of reasonableness.

In light of the overwhelming evidence of petitioner's guilt, however, we find no reasonable probability the result of the trial would have been different had counsel's performance not been deficient in this regard. The young

---

[1] (1) Intent; (2) motive; (3) absence of mistake; (4) common scheme or plan; (5) identity.

victims each explicitly testified to digital penetration or cunnilingus and corroborated each other as to the circumstances surrounding the attacks. Medical evidence indicated three of the victims exhibited vaginal inflammation two days after the assault that was consistent with digital penetration. Because petitioner has failed to show prejudice from counsel's error, we affirm the denial of PCR.

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.