## 23661

Bruce Eugene RIDDLE, Petitioner v.
STATE of South Carolina, Respondent.

(418 S.E. (2d) 308)

Supreme Court

*Asst. Appellant Defender Lesley M. Coggiola, South Carolina office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Lisa G. Jefferson,* Columbia, *for respondent.*

Heard April 21, 1992.

Decided May 26, 1992.

CHANDLER, Justice:

We granted certiorari to review the denial of Post Conviction Relief (PCR) to Petitioner Bruce Eugene Riddle (Riddle).

We reverse and remand for new trial.

## FACTS

Riddle was tried for the crimes of first degree burglary and assault with intent to commit assault and battery of a high and aggravated nature (ABHAN). At trial, Sherrie Mills, the victim and a neighbor of Riddle's, testified that she was awakened in the early morning of June 21, 1987, when she felt someone fondling her. She saw Riddle at the foot of her bed with his pants unzipped and a steak knife in his hand. After she repeatedly refused his demands that she make love to him, Riddle left, but only after she promised not to tell his wife, or the landlord, or the police about the encounter.

Thereafter, following a police investigation, Riddle was arrested.

In his defense, Riddle testified that he was home asleep with his wife the entire night. His wife corroborated this testimony.

Riddle was convicted of first degree burglary and assault with intent to commit ABHAN. On direct appeal, this Court reversed the assault conviction because the indictment was erroneously amended during trial to increase the severity of the offense. The burglary conviction was affirmed pursuant to Rule 23. *State v. Riddle*, 301 S.C. 211, 391 S.E. (2d) 253 (1990). On PCR, Riddle challenged the burglary conviction.

## ISSUE

Did trial counsel's failure to request an alibi instruction constitute ineffective assistance?

## DISCUSSION

At trial, Riddle's counsel, when asked by the judge whether she wanted a charge on alibi, responded that she did not "think it [was] necessary." However, at the PCR hearing, counsel testified that the sole theory of the defense was alibi and that she could not recall any reason for declining the charge. Riddle contends this constituted ineffective assistance of counsel. We agree.

To establish a claim of ineffective assistance of counsel, petitioner must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that, but for counsel's error, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Gallman v. State*, — S.C. —, 414 S.E. (2d) 780 (S.C. 1992) (Davis Adv. Sh. No. 5 at 11).

The failure to give an alibi charge, where the defendant claims to be at another place, is reversible error. *State v. Robbins*, 275 S.C. 373, 271 S.E. (2d) 319 (1980). Counsel's rejection of the charge at trial constitutes inadequate legal representation. The prejudice of this error was compounded by the following remarks of the Solicitor in closing argument:

The question is, did he do it? Alibi? That's what he said, I wasn't there and that's the only defense. Don't go in that

jury room and try to make up legal defenses or any kind of street defenses. His Honor will charge you what legal defenses you can look at and the only defense that you can look at in this case is alibi. . . .

Subsequently, the absence of a charge on alibi gave rise to a conclusion by the jury that it was impermissible for them to consider alibi as a defense.

Reversed and remanded.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.