24037

Stacey L. FORD, Petitioner v. STATE of South Carolina, Respondent.

(442 S.E. (2d) 604)

Supreme Court

*Joseph L. Savitz, III, Deputy Chief Atty., Office of Appellate Defense*, Columbia, *for petitioner*.

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine, Asst. Atty. Gen. Delbert H. Singleton, Jr.*, Columbia, *for respondent*.

Submitted Dec. 10, 1993.

Decided Mar. 21, 1994.

HARWELL, Chief Justice:

We granted certiorari to review the dismissal of Stacey Ford's (Ford) application for postconviction relief (PCR). Ford contends that the PCR judge erred in finding that he received effective assistance of counsel. We disagree and affirm.

## I. *FACTS*

Ford was arrested and indicted for conspiracy, kidnapping, and first-degree criminal sexual conduct. At trial, the victim testified that shortly after 1:00 a.m. on November 1, 1987, she was riding home from a nightclub with Archie Fraser (Fraser) when a man wearing a rubber Halloween mask rose out of the back seat. The man pointed a gun at the victim and told Fraser to follow his instructions or he would kill the victim. The man then instructed Fraser to drive onto a small dirt road where he forced Fraser to have intercourse with the victim at gunpoint and then forced the victim to perform fellatio and have intercourse with him. Thereafter, the man instructed Fraser to drive back to a dark area a short distance from the nightclub and let him out. The entire episode lasted approximately 30 to 40 minutes.

Although the victim was unable to identify Ford as the assailant, the State presented test results which showed that

the genetic systems in Ford's DNA matched the genetic systems extracted from the semen found on the victim's clothing and that this match would only occur in 1 in 23 million African-Americans. A forensic serologist also testified that the ABO blood type and secretor analysis of blood and body fluid samples indicated that the perpetrator was a group O secretor, which matched Ford's blood type. In addition, one witness testified that he overheard Fraser and Ford conspire to commit the crime.[1] Another witness testified that when Fraser took the victim to the police station after the rape, Fraser gave the witness a wallet which contained identification bearing Ford's name.

In his defense, Ford testified that he was at the club from 12:40 a.m. till about 2:45 a.m. on the morning of the rape. Two witnesses also testified that they were at the club with Ford during that time period, except for a five- or ten-minute interval when Ford was either outside or in the bathroom. A jury convicted Ford of conspiracy, kidnapping, and first-degree criminal sexual conduct. We affirmed the convictions on direct appeal. *State v. Ford*, 301 S.C. 485, 392 S.E. (2d) 781 (1990).

Ford thereafter filed a PCR application alleging, among other things, that trial counsel was ineffective for declining the trial judge's offer of an alibi charge. The PCR judge dismissed the application after a hearing, finding that counsel's rejection of an alibi charge was reasonable. We granted certiorari.

## II. *DISCUSSION*

Ford contends that the PCR judge erred in ruling that he received effective assistance of counsel. We disagree.

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional error, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Geter v. State*, 305 S.C. 365, 409 S.E. (2d) 344 (1991).

---

[1] Fraser also was convicted of conspiracy, kidnapping, and first-degree criminal sexual conduct at the trial.

It is well settled that counsel's rejection of an alibi charge when the defendant claims that he was in another place at the time of the commission of the criminal act constitutes deficient representation under an objective standard of reasonableness. *Riddle v. State*, — S.C. —, 418 S.E. (2d) 308 (1992). Accordingly, the PCR judge erred in ruling that counsel's rejection of the alibi instruction was reasonable. However, we find that Ford has failed to establish a reasonable probability that the result of the trial would have been different had counsel's performance not been deficient. The evidence at trial established that the genetic systems in Ford's DNA matched the genetic systems extracted from the semen found on the victim's clothing, that Ford's blood type matched the perpetrator's, that Ford and Fraser were overheard planning the assault, and that Fraser was in possession of a wallet containing Ford's identification immediately after the assault. In light of this overwhelming evidence of Ford's guilt, we find no reasonable probability that the result of the trial would have been different had counsel accepted the alibi charge. *See Geter*, 305 S.C. at 367, 409 S.E. (2d) at 346 (reasonable probability of a different result does not exist when there is overwhelming evidence of guilt). Because the petitioner has failed to show prejudice from counsel's error, we affirm the denial of PCR.

Affirmed as modified.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.