24186

Samuel Lee ROSEBORO, Petitioner v.
STATE of South Carolina, Respondent.

(454 S.E. (2d) 312)

Supreme Court

*M. Anne Pearce, Asst. Appellate Defender, S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*T. Travis Medlock, Atty. Gen., James Patrick Hudson, Chief Deputy Atty. Gen., Delbert H. Singleton, Jr., Asst. Atty. Gen.* and *Carl W. Stent, Staff Atty.,* Columbia, *for respondent.*

Submitted Nov. 16, 1994.

Decided Jan. 23, 1995.

MOORE, Justice:

Petitioner was convicted of second-degree criminal sexual conduct. After his conviction was affirmed on direct appeal,

petitioner brought this action seeking postconviction relief (PCR) on the ground trial counsel was ineffective for failing to request an alibi charge. The PCR judge denied relief. We reverse.

## FACTS

At trial, the victim testified she was walking home from the Star Lite Lounge when she was struck on the head from behind. She lost consciousness. When she came to she was in a nearby churchyard and a man was straddling her. She struggled with him and he raped her. The offense occurred sometime between 11:50 p.m. on February 23, 1989, and 1:00 a.m. on February 24. The victim was unable to identify her assailant except to say he was black, wore a dark jacket and a toboggan cap, and had hair on his face.

Evidence linking petitioner to the crime was circumstantial. The victim testified petitioner, who is black, approached her while she was at the Star Lite Lounge on February 23 and attempted to talk with her. She rebuffed him. He had a light beard and was wearing a toboggan cap and a dark jacket. A state agency employee identified a scrap of paper with figures on it that was found in the churchyard where the rape occurred as one given to petitioner on February 21. Seriological testing indicated petitioner has type A blood and is a secreter which means his blood type is secreted in his bodily fluids. From semen present on the victim's clothing, the assailant was identified as a secreter having either type A or type B blood. This profile would fit 25% of the black male population including petitioner.

Petitioner denied he committed the assault, denied the scrap of paper found at the churchyard belonged to him, and denied he had been at the Star Lite Lounge at any time during the evening of February 23. He testified on February 23 he left his mother's house at 11:45 p.m. and walked to the home of a friend, Roy Miller, where he watched a basketball game until 1:00 a.m. and was then driven home. Petitioner's mother and Miller both lived in the general vicinity of the Star Lite Lounge. Miller took the stand and corroborated petitioner's testimony.

Counsel testified at the PCR hearing that he intentionally did not request an alibi charge because he felt the alibi testi-

mony "did not come off too well in front of the jury." He made a tactical decision to focus the jury's attention on the State's failure to meet its burden of proof rather than place more emphasis on the alibi testimony by requesting an alibi charge. The PCR judge found counsel's trial strategy credible and denied petitioner relief.

## ISSUE

Was counsel ineffective for failing to request an alibi charge?

## DISCUSSION

In *Ford v. State*, 314 S.C. 245, 442 S.E. (2d) 604 (1994), this Court recently held trial counsel's failure to request an alibi charge is deficient representation where there is evidence presented the defendant was in another place at the time the crime was committed. Moreover, counsel must articulate a valid reason for employing a certain strategy to avoid a finding of ineffectiveness. *Underwood v. State*, 309 S.C. 560, 425 S.E. (2d) 20 (1992); *Stokes v. State*, 308 S.C. 546, 419 S.E. (2d) 778 (1992). We find counsel's professed strategy in this case invalid under an objective standard of reasonableness. An alibi charge places no burden on a criminal defendant but emphasizes that it is the State's burden to prove the defendant was present and participated in the crime. *See State v. Bealin*, 201 S.C. 490, 23 S.E. (2d) 746 (1943). An alibi charge is considered especially crucial when the evidence is entirely circumstantial as in this case. *Id.*

Further, the Solicitor argued to the jury:

> I ask you to consider the facts in total. *Consider what the defense has put up. What did his so-called alibi witness testify to?* That he came to his house and he came to his home about the time that this incident occurred. He lives eight or nine blocks away and this defendant has testified he was in that area.

The Solicitor's disparagement of petitioner's alibi further renders counsel's strategy unreasonable since an alibi charge would have corrected any impression petitioner bore any burden of proof at trial. Accordingly, we find counsel ineffective for failing to request an alibi charge.

Further, we find there is a reasonable probability the result of the trial would have been different in this case in light of the circumstantial nature of the State's case against petitioner and the Solicitor's closing argument. *Cf. Ford v. State, supra* (no prejudice from failure to request alibi charge where there is overwhelming evidence of guilt); *See also State v. Riddle*, 308 S.C. 361, 418 S.E. (2d) 308 (1992) (prejudice from Solicitor's closing argument where no alibi charge was requested).

Reversed.

CHANDLER, C.J., and FINNEY, TOAL and WALLER, JJ., concur.