578 S.E.2d 728

**The STATE, Respondent,**

v.

**Nickie WHITE, Appellant.**

**No. 3604.**

Court of Appeals of South Carolina.

Heard Jan. 14, 2003.

Decided March 3, 2003.

Rehearing Denied April 16, 2003.

Assistant Appellate Defender Katherine Carruth Link, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General W. Rutledge Martin, all of Columbia; Warren Blair Giese, of Columbia; for Respondent.

HEARN, C.J.:

Following a jury trial, Nickie White was convicted of criminal sexual conduct in the first degree and kidnapping. He was sentenced to consecutive prison terms of thirty years for criminal sexual conduct and ten years for kidnapping. White appeals, arguing the circuit court erred (1) in refusing to charge assault and battery of a high and aggravated nature (ABHAN) and simple assault and battery as lesser-included offenses of criminal sexual conduct, and (2) in admitting the testimony of the State's expert on post-traumatic stress disorder and sexual abuse. We affirm in part and reverse in part.

## FACTS

The victim was employed as a bartender at Club Palace in Columbia. During the course of her employment, White was a customer of the club. The victim often engaged in conversation with White while she was working. On July 31, 1998, White went to Club Palace. When White arrived, the victim hugged him and later danced with him during the evening. At some point during her shift they left together to get change. The victim and White went to a nearby Wal–Mart for change; while there they entered a photo booth and took several instant photographs together. Afterwards, the victim agreed to go to breakfast with White when she got off work. According to the victim, however, she changed her mind about breakfast because she had not made much money that night and was tired. Nevertheless, she agreed to drive White home to his grandmother's house. Upon arriving at the home, White went inside to check on his grandmother and then returned to the car where the victim was waiting.

At this point, both the victim and White testified to a different version of the events that occurred afterwards. According to the victim, White asked her to drive him to a nearby store for a soda. She testified that when they returned to the house, White pulled a knife on her and demanded that she drive to Earlewood Park. She testified that White sexually assaulted and raped her there, but that she was eventually able to seize the knife and stab him forcing him to flee. The victim stated that she followed him out of the park

"to make sure that he stayed, he didn't try and come back to get me."

According to White, the victim suggested they go to the park to watch the sun rise. He stated he took a knife for protection because of the park's location. He testified that the victim made sexual advances towards him at the park and they engaged in consensual intercourse. He added that she became angry when he wanted to stop, cursed at him, grabbed the knife, and then stabbed him. He further stated that she followed him out of the woods when he turned to leave, and "came behind [him], charging." One of the witnesses who transported the victim to the hospital after the incident testified that when he saw them, the victim was following after White as he walked past him.

White was indicted for kidnapping and first degree criminal sexual conduct in connection with the incident.[1] He was found guilty of both charges and was sentenced to consecutive sentences of thirty years imprisonment for criminal sexual conduct and ten years for kidnapping. White appeals, arguing the circuit court erred in failing to charge ABHAN and simple assault and battery as lesser included offenses of first degree CSC, and in admitting the testimony of the State's expert witness on post-traumatic stress disorder and sexual abuse.

## DISCUSSION

### I. Jury Charge on ABHAN

At the close of the case, White requested a jury charge on assault and battery of a high and aggravated nature (ABHAN) as a lesser-included offense of criminal sexual conduct in the first degree.[2] The circuit court denied the requested charge.

---

1. White was also indicted for armed robbery and possession of marijuana; however, the jury found him not guilty of these charges.

2. Pursuant to S.C.Code Ann. § 16–3–652 (Supp.2001):

 (1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:
 (a) The actor uses aggravated force to accomplish sexual battery.
 (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement,

White argues this was error because the requested charge was supported by the evidence. We agree.

ABHAN "is an unlawful act of violent injury accompanied by circumstances of aggravation." *State v. Primus*, 349 S.C. 576, 580, 564 S.E.2d 103, 105 (2002) (citation omitted). " 'Circumstances of aggravation' is an element of ABHAN." *Id.* (citation omitted). "Circumstances of aggravation include the use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority." *Id.* at 580–581, 564 S.E.2d at 105–106.

Our supreme court has recently held that ABHAN is a lesser included offense of first degree criminal sexual conduct. *Primus*, 349 S.C. at 581, 564 S.E.2d at 106. A "trial judge must charge a lesser included offense if there is any evidence from which it can be inferred that the defendant committed the lesser included of the crime charged." *State v. Heyward*, 350 S.C. 153, 157, 564 S.E.2d 379, 381 (Ct.App.2002), *cert. denied* Nov. 6, 2002, (citing *State v. Drafts*, 288 S.C. 30, 32, 340 S.E.2d 784, 785 (1986)). "To warrant eliminating a lesser included offense charge, it must 'very clearly appear that there is *no evidence whatsoever*' tending to reduce the crime from the greater offense to the lesser." *Heyward*, 350 S.C. at 158, 564 S.E.2d at 382 (citation omitted) (emphasis added in the original).

In both *Heyward* and *Drafts*, the issue was whether the trial judge erred in failing to issue an ABHAN charge where the defendant was on trial for assault with intent to commit criminal sexual conduct in the first degree. *Id.* at 157, 564 S.E.2d at 381. In both cases, there was evidence from which a jury could find the defendant was guilty of ABHAN, and thus

kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

(c) The actor causes the victim, without the victim's consent, to become mentally incapacitated or physically helpless by administering, distributing, dispensing, delivering, or causing to be administered, distributed, dispensed, or delivered a controlled substance, a controlled substance analogue, or any intoxicating substance.

the trial judge erred in not charging ABHAN. *Heyward,* 350 S.C. at 158, 564 S.E.2d at 382; *Drafts,* 288 S.C. at 34, 340 S.E.2d at 786. In *Drafts,* the defendant allegedly held the victim at knifepoint and asked her to "give him a little bit" and perform oral sex. The defendant, however, claimed that "he did not want to do anything" with the victim, but admitted taking indecent liberties with her. Our supreme court found that if the jury had believed the defendant "did not want to do anything with the victim, they could have concluded there was no sexual battery and found him guilty of ABHAN." *Drafts,* 288 S.C. at 34, 340 S.E.2d at 786. Similarly, in *Heyward,* after beating the victim about the head and choking her, the defendant allegedly forced the victim into her car and told her he was taking her for a ride "to get some of [her] good stuff." *Heyward,* 350 S.C. at 156, 564 S.E.2d at 381. This court found it could not "isolate Heyward's single statement concerning Victim's 'good stuff' to the exclusion of the evidence that Heyward was guilty only of ABHAN." *Id.* at 158, 340 S.E.2d at 382.

In the present case, the victim testified that prior to the commission of the alleged CSC, White dragged her into the woods by her arms while holding the knife and then punched her in her eye. She further stated that during the alleged CSC, White "got mad and slapped [her]." Thus, under the victim's version of events, a charge for ABHAN would have been proper because it was contemporaneous with the alleged CSC.

White testified that he and the victim had consensual sexual intercourse. Under his version of events, because the sex was consensual, no battery could have occurred until after he and the victim had sex. White admitted that he struck the victim in self-defense when she became angry with him for withdrawing from sex. Thus, because there was evidence from which the jury could have believed that the sex was consensual, and that no battery occurred until after the parties engaged in intercourse, we find White was entitled to an ABHAN charge. Accordingly, we reverse White's first degree CSC conviction and remand this issue to the circuit court for a new trial.

## II. Jury Charge on Simple Assault

White also asserts the trial court erred in refusing to charge simple assault and battery as a lesser included offense of CSC. We disagree.

 "[S]imple assault and battery is an unlawful act of violent injury to another, unaccompanied by any circumstances of aggravation." *State v. Tyndall,* 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct.App.1999) (quoting *State v. Sprouse,* 325 S.C. 275, 285–86, 478 S.E.2d 871, 877 (Ct.App.1996)). Among other things, an example of a circumstance of aggravation includes a difference in the sexes. *Id.* In this case, we find no error in the trial judge's refusal to charge simple assault and battery. Here, the evidence shows that the parties were of opposite sexes, an aggravating circumstance of ABHAN. Therefore, a circumstance of aggravation existed in this factual scenario to take this case outside of the realm of simple assault and battery.

## III. Testimony of State's Expert Witness

White next argues the circuit court erred in admitting the testimony of the State's expert witness, Coles Badger, on post-traumatic stress disorder and sexual abuse because it was more prejudicial than probative. We disagree.

As an initial matter, we address the preservation of this issue for our review. During a motion *in limine,* White's attorney objected to Badger's testimony, arguing its prejudicial effect would greatly outweigh its probative value. After arguments on this issue, the circuit court stated it would "take a look at the cases [on the issue] and then [make] a determination before [court] started back." However, before there was a ruling on the admissibility of Badger's testimony, another witness testified. Badger then testified *in camera,* and White's attorney again objected to her testimony, this time based on the ground that she was not qualified. After hearing arguments from both sides, the circuit court ruled Badger could be admitted as an expert in the fields of post-traumatic stress disorder and sexual abuse. The circuit court also noted for the record that it "made an analysis under Rule 403 and ... deemed that the testimony would be appropriate." Thus, we find the circuit court made a final ruling on White's *in*

*limine* Rule 403 objection. Therefore, this issue is properly preserved for our review. *See State v. Smith,* 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) ("A ruling *in limine* is not final; unless an objection is made at the time the evidence is offered and a final ruling is procured, the issue is not preserved for review.") (citation omitted).

At trial, Badger testified that in her opinion, the victim's symptoms were consistent with someone who had suffered trauma and had been raped. Badger explained that the victim "described symptoms of being unable to sleep and of having nightmares, having difficulty concentrating, being very fearful, unable to trust others." She further testified about the victim's "jumpiness," "anger," "shame," "crying," and "anxiety."

White argues Badger's testimony was more prejudicial than probative because it was outside the scope of the exception for rape trauma evidence as carved out by *State v. Schumpert,* 312 S.C. 502, 435 S.E.2d 859 (1993), and its progeny. White contends this case is distinguishable from those cases which allow expert rape trauma testimony because the victim in this case was an adult. White argues the victim was neither a person whose ability to discuss the facts and circumstances of the case would prevent her from coming forward for fear of reprisal nor someone whose age, inexperience, and impressionability might make it difficult to accurately remember the events because of an immaturity or lack of understanding with the judicial process. More succinctly stated, White claims the reasons for the exception in *Schumpert* simply do not exist in this case.

We could discern no case in this state which has held that the *Schumpert* exception applies only to child victims. Neither *Schumpert* nor any of its progeny limits the use of rape trauma evidence to cases involving child sexual assault victims. Accordingly, we decline to limit the use of this testimony to cases where the sexual conduct involves a minor.

■ Moreover, we find this testimony was cumulative to the unchallenged testimony of Dr. Alfred Jenkins, Nurse Bridgette Deguzman, and Officer Bob Benson. Dr. Jenkins, who observed the victim in the emergency room after the incident, testified that at that time she was "quite tearful," "agitated," and "withdrawn." He stated in his opinion, she had suffered

trauma. Nurse Deguzman, who also saw the victim in the emergency room after the incident, stated that when she first saw her, the victim "was upset and she appeared frightened, disheveled; she was crying, visibly shaken." Officer Benson testified that when the victim wrote her statement approximately two days after the incident, she would write a few pages and then get upset.

Given the testimony of these witnesses, any error in admitting Badger's testimony was harmless. *See Schumpert,* 312 S.C. at 507, 435 S.E.2d at 862 (stating that any error in the admission of cumulative evidence is harmless); *State v. Johnson,* 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless where it is merely cumulative to other evidence.").

■ Finally, White argues that the prejudicial effect of Badger's testimony, that she believed the victim's account of events, far outweighed its probative value and improperly bolstered the victim's testimony. Essentially, White argues that this testimony "tipped the scales" in the victim's favor, and therefore White should be entitled to a new trial on the kidnapping charge as well. Although this testimony may have exceeded the proper boundaries of expert testimony regarding post-traumatic stress and sexual abuse under *State v. Dawkins,* 297 S.C. 386, 377 S.E.2d 298 (1989) and its progeny, we find this issue is not preserved for our review as White's attorney failed to object to this testimony when it was elicited during trial. *See State v. Peay,* 321 S.C. 405, 413, 468 S.E.2d 669, 674 (Ct.App.1996) (finding a contemporaneous objection and ruling at trial is required to properly preserve an error for appellate review). Thus, we decline to address this issue on appeal and necessarily hold that White's kidnapping conviction is affirmed.

## CONCLUSION

Based on the foregoing reasons, we find White was entitled to an ABHAN charge and accordingly, we reverse White's CSC conviction and remand that issue to the circuit court for a new trial consistent with this opinion. We further find the circuit court did not err in failing to charge simple assault and

battery and in admitting the testimony of the State's expert witness; therefore, we affirm White's kidnapping conviction.[3]

**AFFIRMED in part, REVERSED in part, and RE-MANDED for a new trial:**

CURETON and ANDERSON, JJ., concur.

---

**3.** We note that in *Drafts,* our supreme court let a conviction for kidnapping stand where a conviction for CSC was reversed and remanded for a new trial for failure to charge ABHAN. *Drafts,* 288 S.C. at 34, 340 S.E.2d at 786.