THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 

THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Robert M.
 Watkins, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF 
CERTIORARI

Appeal from Greenville County
Victor Pyle, Jr., Circuit Court Judge
 Larry R. Patterson, Post Conviction
 Relief Judge
Memorandum Opinion No. 2008-MO-001
Submitted November 15, 2007  Filed
 January 14, 2008  
REVERSED

 
 
 
 Appellate
 Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense,
 Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General, Salley W. Elliott, Assistant Attorney General Karen
 Ratigan, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  In
 this case, we granted certiorari to review the denial of Petitioner Robert M. Watkins
 application for post-conviction relief (PCR).  We reverse the PCR courts order
 denying relief.  
The State alleged that Petitioner robbed a Chuck-E-Cheese
 restaurant at approximately 1:00 a.m.  At trial, Elena Pelzer, Petitioners
 girlfriend, testified that on the night
 of the robbery, Petitioner left their apartment at 9:30 p.m. and returned at
 approximately 12:50 a.m.  Pelzer testified that shortly thereafter, they left
 the apartment to get food, but were stopped by police and arrested for the
 robbery.  During the jury charge conference, trial counsel requested an alibi
 instruction, but the trial court refused based on trial counsels failure to comply
 with Rule 5(e), SCRCrimP.[1] 
 The jury found Petitioner guilty, and the court of appeals dismissed Petitioners
 direct appeal pursuant to Anders v. California, 386 U.S. 738 (1967).  State
 v. Watkins, Op. No. 2004-UP-406 (S.C. Ct. App. filed June 22, 2004).
Petitioner
 filed an application for PCR in which he alleged trial counsel was ineffective
 for failing to obtain an alibi instruction.  At the PCR hearing, trial counsel testified that he believed the letter to
 the solicitors office complied with Rule 5(e)s notice requirements.  The PCR court found trial counsel was not ineffective
 because his belief that he complied with the rule was well founded and
 dismissed Petitioners PCR application.  Petitioner argues to this Court that the
 PCR court erred in ruling trial counsel was not ineffective.  We agree. 
 
The
 burden of proof is on the applicant in post-conviction proceedings to prove the
 allegations in his application.  Butler v. State, 286
 S.C. 441, 442, 334 S.E.2d 813, 814 (1985).  On appeal, the PCR courts
 ruling should be upheld if it is supported by any evidence of probative value
 in the record.  Cherry v. State, 300 S.C. 115, 119,
 386 S.E.2d 624, 626 (1989).
Because
 Pelzers testimony showed that Petitioner was at a different place at the time
 of the robbery, he was entitled to an alibi charge.  State v. Shuler, 344 S.C. 604, 632, 545 S.E.2d
 805, 819 (2001) (holding that if there
 is any evidence to support a charge, the trial court should grant the request). 
 Thus, trial counsel was deficient for failing to raise this argument to the
 trial court and obtaining an alibi instruction.  See Ford v. State, 314
 S.C. 245, 442 S.E.2d 604 (1994) (holding that
 counsels rejection of an alibi charge when the defendant claims that he was in
 another place at the time of the commission of the criminal act constitutes
 deficient representation under an objective standard of reasonableness).  Moreover,
 Petitioner was prejudiced by the trial courts failure to give an alibi
 instruction because there is a reasonable probability that the result of trial
 would have been different, as the State based its case against Petitioner
 entirely on circumstantial evidence.  See Riddle v. State, 308
 S.C. 361, 363, 418 S.E.2d 308, 309 (1992)
 (holding that the failure to give an alibi charge, where the
 defendant claims to be at another place, is reversible error); Roseboro v. State, 317
 S.C. 292, 294, 454 S.E.2d 312, 313 (1995)
 (noting that an alibi charge is considered especially crucial
 when the evidence is entirely circumstantial).  
Accordingly,
 we hold that trial counsel was ineffective and grant Petitioner relief.  
 
TOAL,
 C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

[1] Rule 5(e)(1), SCRCrimp,
 provides:

 Upon
 written request of the prosecution stating the time, date and place at which
 the alleged offense occurred, the defendant shall serve within ten days, or at
 such time as the court may direct, upon the prosecution a written notice of his
 intention to offer an alibi defense. The notice shall state the specific place
 or places at which the defendant claims to have been at the time of the alleged
 offense and the names and addresses of the witnesses upon whom he intends to
 rely to establish such alibi.

The trial court denied trial counsels request for an
 alibi instruction because, although the notice stated that Pelzer would provide
 an alibi defense, it did not state the specific place that Petitioner claimed
 to have been at the time of the robbery.