THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Benjamin
 Heyward, Petitioner,
 v.
 State of South
 Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI 
Appeal From Charleston County
 Doyet A. Early, III, Circuit Court Judge
Memorandum Opinion No.  2010-MO-004
Submitted January 21, 2010  March 1, 2010
AFFIRMED

 
 
 
 Walter T. Cox, III, Andrea K. St. Amand, and Tiarna Harmon, all of
 Nelson Mullins Riley & Scarborough, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot,
 and Assistant Attorney General Matthew J. Friedman, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM: 
 Benjamin Heyward was convicted of kidnapping and assault with intent to commit
 criminal sexual conduct (CSC) in the first degree.  Subsequently, the court of
 appeals reversed Heyward's conviction for assault with intent to commit CSC.  State v. Heyward, 350 S.C. 153, 564 S.E.2d 379 (Ct. App. 2002), cert. denied (Nov. 6, 2002).  Thereafter, Heyward sought post-conviction relief (PCR) from
 his kidnapping conviction, contending his constitutional rights to due process
 were violated when trial counsel conceded he was guilty of assault, without
 prior consultation of this strategy and without his consent.  The PCR court
 dismissed Heyward's application for PCR, finding:  (1) trial counsel exercised
 reasonable strategy in conceding that an assault occurred, and (2) Heyward
 failed to demonstrate prejudice in light of the overwhelming evidence presented
 against him.  Additionally, the PCR court observed "any deficiency on the
 part of Trial Counsel in 'professing' Heyward's culpability for ABHAN is of
 questionable applicability to his conviction for kidnapping."  
We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Magazine
 v. State, 361 S.C. 610, 615, 606 S.E.2d 761, 763 (2004) ("This Court
 gives great deference to the PCR courts findings of fact and conclusions of
 law."); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct.
 2052, 2064 (1984) (stating in order to establish a claim for ineffective
 assistance of counsel, the PCR applicant must demonstrate:  (1) counsel's
 performance was deficient, and (2) the deficient performance prejudiced the
 applicant); Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625
 (1989) (finding in order to demonstrate prejudice, the PCR applicant must show,
 but for counsel's error, there is a reasonable probability that the outcome of
 the proceeding would have been different); Geter v. State, 305 S.C. 365,
 367, 409 S.E.2d 344, 346 (1991) (concluding reasonable probability of a
 different result does not exist where there is overwhelming evidence of guilt).
AFFIRMED.       
TOAL,
 C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.