Chief Justice TOAL.
I respectfully dissent. While I agree that the PCR judge correctly found defense counsel ineffective for failing to request a jury charge on alibi, I would find the PCR court erred in finding Petitioner was not prejudiced by counsel’s deficient performance because (1) the evidence presented at trial warranted an alibi charge and (2) the State did not present overwhelming evidence of Petitioner’s guilt.
An alibi charge is required where the defendant claims to be elsewhere at the time the crime was committed. State v. Robbins, 275 S.C. 373, 374-75, 271 S.E.2d 319, 319-20 (1980). Generally, the failure to give an alibi charge under these circumstances constitutes reversible error. Id. However, if the State presents overwhelming evidence of a defendant’s guilt at trial, then there is no reasonable probability that the result of the trial would have been different had trial counsel requested an alibi charge, and reversible error is not present. Ford v. State, 314 S.C. 245, 248, 442 S.E.2d 604, 606 (1994). “An alibi charge places no burden on the defendant, but emphasizes that it is the State’s burden to prove the defendant was present at and participated in the crime.” Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1994) (citing State v. Bealin, 201 S.C. 490, 23 S.E.2d 746 (1943)).
*497 It is the settled law of this State that to avoid a finding of ineffectiveness for failing to request an alibi charge, defense counsel “must articulate a valid reason for employing a certain strategy” and therefore, not requesting the charge. Roseboro, 317 S.C. at 293-94, 454 S.E.2d at 313 (citation omitted). While our prior cases may have suggested a per se rule of prejudice based on the mere failure of defense counsel to request an alibi charge, see Commonwealth v. W. Hawkins, 586 Pa. 366, 894 A.2d 716, 732 n. 21 (2006) (noting that this Court’s ruling in Roseboro “approaches a rule of per se prejudice under the circumstances” but “did not rule out that a reasonable basis for declining the instruction might occur”), it is my opinion that claims of ineffectiveness based on the failure to request an alibi instruction have been and should continue to be evaluated on a case-by-case basis under an objective standard of reasonableness, Roseboro, 317 S.C. at 294, 454 S.E.2d at 313. In Roseboro, this Court reiterated that “[a]n alibi charge is considered especially crucial when the evidence is entirely circumstantial,” and “[t]he Solicitor’s disparagement of [the] petitioner’s alibi further renders counsel’s strategy unreasonable since an alibi charge would have corrected any impression [the] petitioner bore any burden of proof at trial.” Id. at 294, 454 S.E.2d at 313. In another instance, this Court found that the failure to request an alibi charge is not prejudicial where the State has presented “overwhelming evidence of the petitioner’s guilt.” See Ford v. State, 314 S.C. 245, 248, 442 S.E.2d 604, 606 (1994). All of these circumstances are contributive factors towards a determination that “counsel’s professed strategy” in a given case is either valid or “invalid under an objective standard of reasonableness.” Roseboro, 317 S.C. at 294, 454 S.E.2d at 313.
In the present case, Petitioner argues that the evidence of guilt was not overwhelming because Sessions testified that Petitioner was not the robber; there was conflicting evidence concerning the color of the jacket found in Petitioner’s home; and there was no other evidence connecting Petitioner to the robbery and that the State’s reference to Petitioner’s alibi testimony meant that the jury was not properly instructed that alibi “was not an affirmative defense imposing upon the defendant the burden of proof.” On the other hand, the State argues that defense counsel and the State both referenced the alibi testimony in their closing arguments, and the State *498 acknowledged that it had the burden of proving its case. In addition, the State argues that the trial judge gave a jury-charge which included instructions on the burden of proof and the credibility of witnesses. Therefore, the State contends, the jurors would have understood that, if they found the testimony of Petitioner, his mother, and his girlfriend credible, a verdict of not guilty would be required.
The PCR court adopted a position consistent with the State’s view that the jury charge on the whole, including standard instructions on the burden of proof and the credibility of witnesses, prohibited a finding that Petitioner suffered prejudice in this case.[11]
However, in my view, the State did not present overwhelming evidence of Petitioner’s guilt. The police did not find a gun, money, a black fishing hat, or any other physical evidence linking Petitioner to the robbery, with the exception of the jacket. While all three witnesses identified the jacket found in Petitioner’s home as the one worn by the robber at trial, this evidence contradicted the witnesses’ statements concerning the jacket’s appearance. Finally, the identity evidence was conflicting.
Moreover, as in Roseboro, an alibi charge here was necessary to correct any indication the Solicitor may have given in his closing remarks that Petitioner “bore any burden of proof at trial.” Roseboro, 317 S.C. at 294, 454 S.E.2d at 313 (emphasis added); see also Riddle v. State, 308 S.C. 361, 364, *499 418 S.E.2d 308, 310 (1992) (finding that the defense counsel’s error in failing to request an alibi charge, coupled with the remarks made by the solicitor during closing arguments, were prejudicial to the defendant because “the absence of a charge on alibi gave rise to a conclusion by the jury that it was impermissible for them to consider the alibi defense.”). In this case, there is no doubt the State’s closing argument gave the impression that Petitioner bore some burden of proof on the issue of alibi, as the Solicitor referenced whether Petitioner could prove that he was at another place during the crime. Moreover, the Solicitor went out of his way to disparage the alibi witnesses, referring to them as liars and suggesting that Petitioner’s girlfriend was high on drugs during her testimony.
During the PCR hearing, defense counsel stated he made a tactical decision to focus on the identification issues instead of the alibi evidence but that the law on alibi “certainly should have been charged to the jury.” In light of the circumstantial nature of the State’s case, the lack of overwhelming evidence proving Petitioner’s guilt, and the State’s disparagement of Petitioner’s alibi testimony, in my view defense counsel’s rationale for failing to request the alibi instruction was not reasonable under the circumstances. Therefore, I would find the PCR court erred in finding Petitioner suffered no prejudice by his counsel’s failure to request an alibi instruction.
BEATTY, J., concurs.

. Likewise, the majority relies on this portion of the jury charge to support its conclusion that the PCR court's finding of no prejudice is supported by evidence in the Record. However, the legal concepts of alibi and credibility are not the same. While credibility deals with the believability of the witnesses, alibi testimony is presented for the purpose of proving that it was impossible for the defendant to commit the crime charged. Compare, e.g., State v. Robbins, 275 S.C. 373, 375, 271 S.E.2d 319, 320 (1980) (“Alibi means elsewhere, and the charge should be given when the accused submits that he could not have performed the criminal act because he was in another place at the time of its commission.”), with Small v. Pioneer Mach., Inc., 329 S.C. 448, 465, 494 S.E.2d 835, 843 (Ct.App.1997) ("The fact finder is imbued with broad discretion in determining credibility or believability of witnesses.”). As discussed infra, I disagree with the majority that the instruction provided, absent an explicit instruction on the law of alibi, was sufficient to overcome the concerns outlined in Roseboro and present in this case.